**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

**Jason Wrubleski**, OSB #120524
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-796-2847
Facsimile: 503-796-2900

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COAST CUTLERY CO.**, dba Coast Products, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**INFINITY X1 LLC**, a Nevada limited liability company,<br><br>Defendant. | No. 3:25-cv-01120<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF:**<br><br>**(1) NON-INFRINGEMENT OF PATENTS,**<br>**(2) INVALIDITY OF PATENTS,**<br>**(3) NO FALSE ADVERTISING, AND**<br>**(4) NO UNFAIR BUSINESS PRACTICES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Coast Cutlery Co. ("Coast") brings this Complaint for declaratory judgment against Defendant Infinity X1 LLC ("Infinity") and alleges as follows:

Page 1 -     COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

## INTRODUCTION

1.  Coast is a family-owned company that has been based in Portland, Oregon for three generations. Coast is known for producing outdoor and recreational products that prioritize function and reliability. Coast combines high-quality materials, innovative technology, and purpose-driven design to create products built for reliability and long-term use. Coast's emphasis on practical innovation has earned it the trust of its customers and a reputation for quality nationwide.

2.  Infinity is a Coast competitor based in Nevada that sells flashlights, headlamps, and other lighting products. Infinity has wrongfully accused Coast of patent infringement, false advertising under the federal Lanham Act, and unfair businesses practices under California law in connection with the marketing and sale of certain Coast headlamp products.

3.  Coast brings this action to resolve the live dispute between itself and Infinity. Specifically, Coast seeks declarations of non-infringement and invalidity as to U.S. Patent No. 11,852,311 ("the '311 Patent") and U.S. Patent No. 12,203,618 ("the '618 Patent") (collectively, "the patents-in-suit"), and declarations that Coast has not engaged in false advertising or unfair business practices in connection with the sale of its products.

## THE PARTIES

4.  Plaintiff Coast Cutlery Co. is an Oregon corporation with its principal place of business at 8033 NE Holman Street, Portland, Oregon.

5.  Defendant Infinity X1 LLC is a Nevada limited liability company with its principal place of business at 3773 Howard Hughes Parkway, Suite 500S, Las Vegas, Nevada.

## JURISDICTION AND VENUE

6.  This action arises under, *inter alia*, the patent laws of the United States, 35 U.S.C.

Page 2 -   COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

§ 101 *et seq.*; the United States Lanham Act, 15 U.S.C. § 1051 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. This Court has original jurisdiction over the subject matter of these claims under 28 U.S.C. §§ 1331 and 1338. The Court further has supplemental subject matter jurisdiction under 28 U.S.C. § 1367 over Coast's claims as they relate to Infinity's allegations of unfair business practices under California law, as such subject matter is so related to the federal law-based claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has personal jurisdiction over Infinity at least because this action arises out of Infinity's activities in Oregon, directed to an Oregon resident. On or around May 23, 2025, Infinity caused to be delivered a complaint to Coast's registered agent, Corporation Service Company, at 1127 Broadway Street NE in Salem, Oregon. The complaint set forth Infinity's allegations that Coast has purportedly infringed the '311 Patent, that Coast has purportedly infringed the '618 Patent, and that Coast has purportedly violated federal and state law with allegedly false advertising. Coast's current action for declaratory judgment arises out of these activities purposefully directed to Oregon and its residents.

9. Indeed, while Infinity's complaint purports to bring suit in the Central District of California, federal law requires Infinity's case to have been brought in a judicial district "where the defendant resides, or where the defendant has… a regular and established place of business." 28 U.S.C. § 1400(b). Coast neither resides nor has a regular and established place of business in California, and therefore Infinity's lawsuit was required to have been brought in this district.

10. Infinity also has conducted business in Oregon, and has other contacts with Oregon supporting the exercise of this Court's jurisdiction.

Page 3 -   COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

11. Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTUAL BACKGROUND

12. On May 20, 2025, Infinity filed a complaint in the Central District of California, in a case captioned *X1 LLC v. Coast Cutlery Co. dba COAST PRODUCTS*, Civ. No. 2:25-cv-04549-ODW-E (hereinafter, the "C.D. Cal. Complaint") (submitted herewith as Exhibit A).

13. In the C.D. Cal. Complaint, Infinity alleges, *inter alia*, that Coast makes and sells one or more products that infringe the '311 and '618 Patents, and that Coast has engaged in false advertising and unfair business practices through alleged misrepresentations on its product packaging. (*See* Ex. A.)

14. In this action, Coast seeks declarations of non-infringement and invalidity as to the '311 and '618 Patents, and that it has not engaged in false advertising or unfair business practices as alleged in the C.D. Cal. Complaint. Thus, there is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201.

## COUNT I

### *Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,852,311*

15. Coast realleges each of the allegations in paragraphs 1–14 as if fully set forth herein.

16. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement on the '311 Patent.

17. Coast has not infringed and does not infringe any valid claim of the '311 Patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any

Page 4 -    COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

other manner.

18. For example and without limitation, Coast does not manufacture or sell headlamps that "selectively activate the plurality of light sources according to a plurality of lighting modes," as required by each asserted claim of the '311 Patent.

19. Accordingly, Coast is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that it has not infringed and does not infringe the '311 Patent.

## COUNT II

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,203,618

20. Coast realleges each of the allegations in paragraphs 1–19 as if fully set forth herein.

21. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement on the '618 Patent.

22. Coast has not infringed and does not infringe any valid claim of the '618 Patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

23. For example and without limitation, Coast does not manufacture or sell headlamps that "selectively activate the plurality of light sources according to a plurality of lighting modes," as required by each asserted claim of the '618 Patent.

24. Accordingly, Coast is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that it has not infringed and does not infringe the '618 Patent.

Page 5 -    COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

## COUNT III

### *Declaratory Judgment of Invalidity of U.S. Patent No. 11,852,311*

25. Coast realleges each of the allegations in paragraphs 1–24 as if fully set forth herein.

26. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the '311 Patent is invalid.

27. The asserted claims of the '311 Patent are invalid for failure to comply with one or more requirements of United States patent law, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

28. For example and without limitation, the claims of the '311 Patent are invalid over one or more of the MORF R230 headlamp (*see* https://www.facebook.com/psbrandsflashlights/videos/morf-removables-r230-30-tv-commercial/226232995334623/, accessed June 24, 2025); the StenLight S7 headlamp (*see* https://www.candlepowerforums.com/threads/stenlight-s7-headlamp-electrical-charcteristics-minireview.114933, accessed June 24, 2025), and/or the Benran Cree 3 T6 headlamp (*see* https://www.youtube.com/watch?v=jgiqgTkucww, accessed June 24, 2025).

29. Indeed, as broadly as Infinity seeks to construe the claims of the '311 Patent in this case, they would encompass essentially any headgear equipped with two or more light sources, such as medical headlamps, mining equipment, and even novelty party headbands known long before the '311 Patent's earliest possible priority date of May 9, 2020.

30. Accordingly, Coast is entitled to a declaratory judgment that the '311 Patent is invalid.

Page 6 -     COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

## COUNT IV

### *Declaratory Judgment of Invalidity of U.S. Patent No. 12,203,618*

31. Coast realleges each of the allegations in paragraphs 1–30 as is fully set forth herein.

32. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the '618 Patent is invalid.

33. The asserted claims of the '618 Patent are invalid for failure to comply with one or more requirements of United States patent law, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

34. For example and without limitation, the claims of the '618 Patent are invalid over one or more of the MORF R230 headlamp (*see* https://www.facebook.com/psbrandsflashlights/videos/morf-removables-r230-30-tv-commercial/226232995334623/, accessed June 24, 2025); the StenLight S7 headlamp (*see* https://www.candlepowerforums.com/threads/stenlight-s7-headlamp-electrical-charcteristics-minireview.114933, accessed June 24, 2025), and/or the Benran Cree 3 T6 headlamp (*see* https://www.youtube.com/watch?v=jgiqgTkucww, accessed June 24, 2025).

35. Indeed, as broadly as Infinity seeks to construe the claims of the '618 Patent in this case, they would encompass essentially any headgear equipped with two light sources, such as medical headlamps, mining equipment, and even novelty party headbands known long before the '618 Patent's earliest possible priority date of May 9, 2020.

36. Accordingly, Coast is entitled to a declaratory judgment that the '618 Patent is invalid.

Page 7 -   COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

## COUNT V

### *Declaratory Judgment of No False Advertising*
### *Under Federal Lanham Act, 15 U.S.C. § 1125(a)(1)(B)*

37. Coast realleges each of the allegations in paragraphs 1–36 as is fully set forth herein.

38. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Coast did not engage in false advertising.

39. Coast has not engaged in false advertising at least because, among other things, the advertising materials referred to in Infinity's C.D. Cal. Complaint are not false or misleading, and/or are not material to any purchasing decision.

40. For example, Infinity contends that the packaging pictured below would "mislead" a consumer into believing that Coast's product is capable of "emitt[ing]… wide angle, spot, and flood light[s]… simultaneously." (Ex. A at ¶ 23.)  But as can be seen, the packaging permits customers at the point of sale to operate Coast's products and assess its functionality for themselves, as indicated by the prominent "TRY" graphic with an arrow pointing to an operable headlamp (circled in green):



Page 8 -    COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

No consumer would rely on a stylized depiction of cartoon light rays to govern their purchasing decision in the manner Infinity alleges, especially when the packaging Infinity accuses permits the consumer to try the product for themselves before purchase.

41.     Infinity also accuses a similar graphic on the user manual for Coast's headlamp (Ex. A at ¶ 24), but omits that the manual is located *inside the product's packaging*:



Unlike the headlamp itself, this manual is not available to consumers prior to purchase.  Again, no consumer could rely on this material in the manner Infinity alleges.

42.     Accordingly, Coast is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that its actions do not constitute false advertising under 15 U.S.C. § 1125(a)(1)(B).

### COUNT VI

*Declaratory Judgment of No Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200*

43.     Coast realleges each of the allegations in paragraphs 1–42 as is fully set forth herein.

44.     As a result of the acts described in the preceding paragraphs, there exists a

Page 9 -     COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Coast did not engage in unfair business practices.

45. Coast has not engaged in unfair business practices at least because the activities referred to in Infinity's C.D. Cal. Complaint do not constitute any unlawful, unfair, or fraudulent business acts, or any unfair, deceptive, untrue, or misleading advertising, including without limitation for the reasons detailed in paragraphs 40-41 above.

46. Accordingly, Coast is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that its actions do not constitute unfair business practices under Cal. Bus. & Prof. Code § 17200.

## PRAYER FOR RELIEF

Coast respectfully requests that the Court enter judgment in its favor against Infinity, granting the following relief:

A. A declaratory judgment that Coast has not infringed and does not infringe, either directly, jointly, contributorily, or by inducement, any claim of the '311 or '618 Patents, either literally or under the doctrine of equivalents;

B. A declaratory judgment that the '311 and '618 Patents are invalid;

C. A declaratory judgment that the activities Infinity alleges are false, misleading, disparaging, or deceptive advertising do not constitute false, misleading, disparaging, or deceptive advertising;

D. A declaratory judgment that Coast has not engaged in unfair business practices;

E. A finding that this case is exceptional in favor of Coast under at least 35 U.S.C § 285 and 15 U.S.C. § 1117(a);

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

F.     An award of Coasts costs and attorneys' fees under at least 35 U.S.C. § 285 and 15 U.S.C. § 1117(a); and

G.     Awarding such other necessary or proper relief as this Court may deem appropriate and justice may require.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Coast respectfully requests a trial by jury of all issues so triable.

Dated this 27th day of June, 2025.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:   *s/ Nika Aldrich*
        Nika Aldrich, OSB #160306

By:   *s/ Jason A. Wrubleski*
        Jason A. Wrubleski, OSB #120524

*Attorneys for Plaintiff*

Page 11 -   COMPLAINT FOR DECLARATORY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460